IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PANHANDLE MAINTENANCE, LLC,

    Plaintiff,

v.                                                            No. 21-cv-0312 SMV/KRS

3 BEAR DELAWARE OPERATING-NM, LLC,

    Defendant.

## MEMORANDUM OPINION AND ORDER TO AMEND COMPLAINT

THIS MATTER is before the Court on its review of the Complaint [Doc. 1], filed by Plaintiff Panhandle Maintenance, LLC on April 7, 2021.[1] The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts of citizenship to sustain diversity jurisdiction. Therefore, the Court will order Plaintiff to file an amended complaint no later than **August 20, 2021**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

On April 7, 2021, Plaintiff filed its Complaint under 28 U.S.C. § 1332. [Doc. 1] at 1. The Complaint asserts that there is complete diversity between Plaintiff and Defendant and that the amount in controversy exceeds $75,000. *Id*. In support of its claim of diversity of citizenship,

---

[1] The parties consented to my entering final judgment in this case. [Doc. 13].

Plaintiff asserts that "it is a Texas limited liability company authorized to conduct business in the State of New Mexico" and that Defendant "is a Delaware limited liability company authorized to conduct business in the State of New Mexico." *Id.* Plaintiff makes no allegations about the citizenships of the members of either limited liability company. *See id.*

## LEGAL STANDARD

A plaintiff is required to assert the basis of subject matter jurisdiction in its complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. § 1332(a). Jurisdiction under § 1332 requires diversity of citizenship.[2] Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated *and* in which it maintains its principal place of business. *See* § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are, therefore, citizens of each and every state in which any member is a citizen. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

---

[2] The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Here, the facts set forth in the Complaint do not sufficiently establish the citizenship of Plaintiff or Defendant. The Complaint fails to allege the citizenship of any of the members of either LLC. *See* [Doc. 1].

Accordingly, the Court will give Plaintiff the opportunity to file an amended complaint to properly allege the citizenship of both parties at the time the Complaint was filed, including the citizenship (not merely residence) of each and every member of Plaintiff LLC and Defendant LLC.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff shall amend the Complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **August 20, 2021**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **August 20, 2021**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**