IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PANHANDLE MAINTENANCE, LLC,

    Plaintiff,

v.                                                           No. 21-cv-0312 SMV/KRS

3 BEAR DELAWARE OPERATING-NM, LLC,

    Defendant.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court on its review of Plaintiff's Amended Complaint [Doc. 22], filed on August 17, 2021. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Amended Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Amended Complaint fails to allege the necessary facts of citizenship to sustain diversity jurisdiction. Therefore, the Court will order Plaintiff to show cause no later than **October 18, 2021**, why its claims should not be dismissed without prejudice for lack of jurisdiction.

On April 7, 2021, Plaintiff filed its Complaint alleging jurisdiction under 28 U.S.C. § 1332. [Doc. 1] at 1. On review of that Complaint, the Court found that it failed to allege the necessary facts of citizenship to establish diversity jurisdiction and ordered Plaintiff to file an amended

complaint,[1] if the necessary jurisdictional allegations could be made consistent with Fed. R. Civ. P. 11. [Doc. 21]. On August 17, 2021, Plaintiff filed its Amended Complaint [Doc. 22].

The Amended Complaint asserts that there is complete diversity between Plaintiff and Defendant and that the amount in controversy exceeds $75,000. *Id*. In support of its claim of diversity of citizenship, Plaintiff asserts that it "is a Texas limited liability company" and that "[a]ll of the individuals owning an interest in [Plaintiff] are residents of the State of Texas." *Id.* Plaintiff alleges that Defendant "is a Delaware limited liability company," that Defendant "is a wholly owned subsidiary of 3 Bear Energy, LLC, which is also a Delaware limited liability company," and that Plaintiff "has no information regarding the residence of the ownership interest in 3 Bear Energy, LLC." *Id.* Plaintiff makes no allegations about the citizenship of the members of either limited liability company, *see id.*, contrary to the Court's direction in its prior Memorandum Opinion and Order, *see* [Doc. 21].

As discussed in the Court's prior Order, Plaintiff is required to assert the basis of subject-matter jurisdiction in its complaint, and the district court must be satisfied that is has subject-matter jurisdiction. Fed. R. Civ. P. 8; *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject-matter jurisdiction cannot be waived and thus may be raised sua sponte at any time. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

---

[1] The Court bears in mind that the parties were properly before it in a previous case, *Big Chief Plant Services, LLC v. Panhandle Maintenance, LLC*, 18-cv-1226 SMV/CG, with Panhandle as the Defendant/Third-Party Plaintiff and 3 Bear as the Third-Party Defendant. At first blush, it may seem that if the parties were properly before the Court in the earlier case, then they should be able to come before the Court in this case. But that is not correct. "It is well settled . . . that a court has ancillary jurisdiction of a defendant's proper rule 14(a) claim against a third-party defendant without regard to whether there is an independent basis of jurisdiction (e.g., diversity between the third-party litigants), so long as the court has jurisdiction of the main claim between the original parties." *King Fisher Marine Serv. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1158 (10th Cir. 1990) (citing *Dery v. Wyer*, 265 F.2d 804 (2d Cir. 1959); 6 C. Wright & A. Miller, Federal Practice and Procedure § 1444, at 223–25 (1971 & 1989 Supp.) (cases cited in notes 68–69); and citing *Moor v. County of Alameda*, 411 U.S. 693, 715 (1973)). The ancillary jurisdiction in the previous case does not extend to this case.

Limited liability companies are citizens of each and every state in which any member is a citizen. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

The Court held a status conference to discuss the jurisdictional issues on August 26, 2021. *See* [Doc. 24] (clerk's minutes). At the status conference, the Court explained that it was prepared to dismiss this case for lack of subject-matter jurisdiction because such had not been adequately alleged in the Amended Complaint [Doc. 22], despite the Court's Memorandum Opinion and Order [Doc. 21] explaining what allegations were needed. [Doc. 24] at 1. Plaintiff's counsel admitted that he did not know the citizenship of Defendant. *Id.* Counsel for both parties requested more time to track down the members of Defendant LLC to determine Defendant's citizenship. *Id.* at 2. The Court advised that it would take no action until September 30, 2021. *Id.* After that date, if Plaintiff had not filed a second amended complaint adequately alleging facts to establish diversity jurisdiction, the Court would issue an order to show cause and allow 14 more days to establish jurisdiction before dismissing the case without prejudice. *Id.*

In sum, Plaintiff has again failed to allege the facts necessary to support diversity jurisdiction, after being given multiple chances to remedy the deficiency. *See* [Doc. 1] at 1 (first Complaint); [Doc. 21] (Court's Memorandum Opinion and Order explaining what allegations were needed); [Doc. 22] at 1 (Amended Complaint); [Doc. 24] (clerk's minutes of status conference explaining that Plaintiff would have until September 30, 2021, to file a second amended complaint). Accordingly, Plaintiff must show good cause within 14 days why its claims should not be dismissed without prejudice for lack of subject-matter jurisdiction. *See Siloam Springs*, 781 F.3d at 1234.

**IT IS THEREFORE ORDERED** that Plaintiff show cause no later than **October 18, 2021**, why its claims should not be dismissed without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**